Order filed November 12,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-10-00035-CV 

                                                     __________

 

                                  ELLIOTT
S. WINFIELD, Appellant

 

                                                             V.

 

                           TERRY
D. KILPATRICK ET AL, Appellees



 

                                   On
Appeal from the 259th District Court

                                                             Jones
County, Texas

                                                     Trial
Court Cause No. 021925

 

                                                                      
O R D E R

            Elliott
S. Winfield sued Terry D. Kilpatrick, Kevin P. Pinney, Michael B. Baysinger,
Tammi J. Sarhani, Richard A. Avants, Brandy M. Hooper, Bonnie I. Young,
Richard Leal, Gilbert Campuzano, Susan Wilburn, Linda Richey, Jack Douglas,
John Moriarty, Robert Eason, and Nathaniel Quarterman for damages he allegedly
incurred while an inmate at the French Robertson Unit of the Texas Department
of Criminal Justice – Institutional Division.  In an order dated September 16,
2010, we abated the appeal based on the omission of a final judgment pertaining
to all parties, specifically Richey and Douglas.  The trial court clerk has now
filed a supplemental clerk’s record containing an order from the trial court
dated October 18, 2010, granting Richey and Douglas’s motion to dismiss.  The
appeal is now reinstated.  In this regard, it appears the December 16, 2009
order coupled with the October 18, 2010 order constitute a final, appealable
order.  

            Before
this court are the following motions:  (1) appellant’s motion or request for
the preparation of supplemental clerk’s record on appeal; (2) appellant’s
motion for permission to file supplemental clerk’s record on appeal; (3)
appellant’s motion for an extension of time for timely filing of preparation of
the supplemented clerk’s record into appellate record on appeal; (4) appellant’s
motion to abate the appeal; (5) appellant’s second motion for permission to
file supplemental clerk’s record (filed on October 28, 2010); and (6)
appellant’s motion to extend time for trial court to file designated clerk’s
record proceedings filed during abated appeal by all parties (filed on October
28, 2010).  

            With
respect to the first four motions, appellant filed these motions for the
purpose of completing the clerk’s record as it existed prior to the September
16, 2010 order abating this appeal.  In this regard, he contends that portions
of the documents that he filed with the trial clerk were omitted from the clerk’s
record.  Specifically, he contends that the following documents were omitted
from the clerk’s record:

1.         A
“certified statement of [appellant’s] Inmate Trust Fund Account” allegedly
filed in conjunction with his pauper’s affidavit on May 18, 2009, that is set
out in pages 20 and 21 of the clerk’s record.

 

2.         Appellant’s
“NOTICE OF LAWSUIT,” along with a “Cover Sheet”[1]directed
to the trial court clerk, allegedly filed on May 18, 2009.

 

3.         A
“cover sheet” allegedly accompanying appellant’s “Motion for leave to File
Interlocutory Judgment by Default” filed on August 24, 2009, and beginning on
page 66 of the clerk’s record, as well as a proposed interlocutory judgment by
default that accompanied this motion.

 

4.         Pages
18 and 19 and “index sheets listing EXHIBITS ‘A’ THRU ‘D2’” allegedly filed in
conjunction with appellant’s “SECOND REQUEST FOR TEMPORARY RESTRAINING ORDER”
beginning on page 193 of the clerk’s record, along with a proposed order
granting the requested relief.

 

5.         A
pleading to “AMEND BY MODIFYING, AND INSERTING [TO THE] AFFIDAVIT RELATING TO
THE PREVIOUS LAWSUIT” and “Cover Sheet” allegedly filed in conjunction with “Plaintiff
Winfield Response to Motion to Dismiss” beginning on page 225 of the clerk’s record. 


 

6.         An
“AFFIDAVIT OF ELLIOTT S. WINFIELD” allegedly filed in conjunction with “PLAINTIFF’S
[MOTION FOR] SUMMARY JUDGMENT” beginning on page 236 of the clerk’s record.

 

7.         The
affidavits of Robert Brown and Allen Thomas and “the Petition’s Cover Sheet”
allegedly filed in conjunction with appellant’s “PETITION FOR TEMPORARY
RESTRAINING ORDER” filed on October 5, 2009, and beginning on page 135 of the clerk’s
record.  

 

            Appellant
contends the requested documents are paramount to this appeal.[2] 
Subsection (c)(1) of Tex. R. App. P.
34.5 states that, “[i]f a relevant item has been omitted from the clerk’s
record, the trial court, the appellate court, or any party may by letter direct
the trial court clerk to prepare, certify, and file in the appellate court a
supplement containing the omitted item,” and subsection (c)(3) of the rule
states that “[a]ny supplemental clerk’s record will be part of the appellate
record.”  Tex. R. App. P.
34.5(c)(1), (3).  

            Appellant’s
“motion or request for the preparation of supplemental clerk’s record on appeal”
and appellant’s “motion for permission to file supplemental clerk’s record on
appeal” are conditionally granted.  To the extent that the items listed above
were filed in the trial court below, we order the trial court clerk to
supplement her record to contain these omitted items within thirty days of the
date of this order.  If any of the items listed above were not filed in the
trial court below or cannot be located, the trial court clerk is directed to
file a written explanation in this court within thirty days of this order
explaining why the omitted records cannot be supplemented.  Appellant’s “motion
for an extension of time for timely filing of preparation of the supplemented
clerk’s record into appellate record on appeal” is dismissed as moot.  Appellant’s
motion to abate the appeal is overruled.  

            The
two motions filed by appellant on October 28, 2010, concern matters filed in
the trial court after the September 16, 2010 abatement order.  He contends that
the most recently filed supplemental clerk’s record (designated as “Supplemental
Clerk’s Record III”) omits various items necessary to our consideration of his
appeal.  Appellant’s second motion for permission to file supplemental clerk’s
record (filed on October 28, 2010) is conditionally granted.  Appellant lists
eight items in his second motion for permission to file supplemental clerk’s
record (filed on October 28, 2010) that he seeks to be included in an
additional supplemental clerk’s record.  (A copy of appellant’s second motion
for permission to file supplemental clerk’s record [filed on October 28, 2010]
is attached to this order as reference.)  To the extent that the eight items
listed in appellant’s second motion for permission to file supplemental clerk’s
record (filed on October 28, 2010) were filed in the trial court below, we
order the trial court clerk to supplement the record to contain these omitted
items within thirty days of the date of this order.  If any of the items listed
in appellant’s second motion for permission to file supplemental clerk’s record
(filed on October 28, 2010) were not filed in the trial court below or cannot
be located, the trial court clerk is directed to file a written explanation in
this court within thirty days of this order explaining why the requested records
cannot be supplemented.  Appellant’s motion to extend time for the trial court
to file a designated clerk’s record proceedings filed during abated appeal by
all parties (filed on October 28, 2010) is dismissed as moot in light of the
relief granted in this order.

            Additionally,
the court would note that the orderly processing of this appeal has become
disrupted by an abundance of motions filed by appellant concerning the
preparation of the clerk’s record in this appeal.  The court has considered
these motions and has granted appellant’s requests to the extent that the trial
court clerk is able to provide the documents requested by appellant.  In order
to provide the trial court clerk with sufficient time to respond to appellant’s
previous requests, appellant is ordered to not file any additional requests for
documents to be included in the clerk’s record with either the trial court
clerk or the clerk of this court.  In this regard, appellant has had ample time
to identify and request the documents that he wishes to be included in the
clerk’s record.  

 

 

PER CURIAM

 

November 12,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Appellant’s use of the term “cover sheet” may reference
his transmittal letter directed to the trial court clerk that accompanied the
relevant document.





                [2]We express no opinion regarding the relevance of the
documents that appellant contends have been omitted from the clerk’s record to
the outcome of this appeal.